BARCUS, APPELLANT, *v.* PORTLAND CATTLE LOAN CO., ET AL., RESPONDENTS.

No. 8855

Submitted May 11, 1949. Decided June 8, 1949.

207 Pac. (2d) 565

Mr. S. S. Frisbee and Mr. Lloyd A. Murrills, both of Cut Bank, for appellant. Mr. Murrills argued orally.

Mr. S. J. Rigney, Cut Bank, for respondents. Mr. Rigney argued orally. ·

MR. JUSTICE ANGSTMAN:

This is an appeal by plaintiff from an order denying her motion to vacate an order granting an extension of time to defendant Susie H. Galbreath to prepare, serve and file a bill of exceptions.

Plaintiff contends that there was not a sufficient showing of necessity to justify the extension of time under section 9390, R. C. M. 1935.

The order was made in 207 Pac. (2d) 559, now pending in this court. Judgment was entered in that action on March 1, 1948, and notice of entry of judgment was given on that day. On March 3rd an order was entered extending the time for bill of exceptions for 60 days in addition to the 15 days allowed by law.

On May 7th the court granted an additional 15 days on the affidavits of defendant Susie H. Galbreath and the court reporter. The bill of exceptions was served and filed on May 19th. Plaintiff contends that the affidavits did not make a sufficient showing of necessity to warrant an extension of time. The affidavit of Susie H. Galbreath in substance alleges that the court reporter demanded payment of costs of the bill of exceptions in advance and that she was without money or means of acquiring it until April 23, 1948; that immediately upon procuring the money she ordered the court reporter to prepare the bill of exceptions and transcript as soon as possible; that she made the request for additional time upon the request of the court reporter who advised that he needed the time. The court reporter, Mr. A. A. Pelletier, made affidavit to the effect that he needed the additional time within which to prepare the transcript on appeal.

Plaintiff's motion recited and she offered proof to show that the affidavit of Susie H. Galbreath is false and misleading in that the trial of the case began on October 22, 1946, and was completed the following day; that immediately after the trial plain-

tiff. ordered two copies of a transcript of the testimony introduced at the trial. One copy was for the court and the other for plaintiff's counsel; that the court reporter completed the transcript and sent a bill for the fees to counsel for plaintiff dated Novembert 27, 1946; that the reporter made an additional copy and sent it to Mr. Rigney, counsel for defendant, and hence that for more than a year before the making of the affidavit she and her counsel have had in their possession a copy of the evidence introduced in the trial of the action and could readily have prepared a bill of exception without the further aid of the court reporter. Furthermore, it is alleged that the affidavit of Mr. Pelletier that he needed additional time to prepare the transcript on appeal furnishes no justification for extending the time for the preparation, service and filing of a bill of exceptions.

The court refused to hear plaintiff's evidence in support of her motion, taking the position that it had no jurisdiction to vacate its own order and that plaintiff's remedy was to present the matter to this court.

In this the court was in error. The very purpose of section 9776, R. C. M. 1935, is to permit the lower court to vacate ex parte orders and thus correct errors that might be made when such orders are made without the benefit of hearing both sides. We think however that the court reached the correct result and shall therefore not disturb the order appealed from.

There is considerable merit in the position taken by counsel for plaintiff on the merits of his motion. Had the question been presented to this court before the time had expired for the serving and filing of the bill of exceptions we might have held the showing insufficient. But the district court has a wide discretion under the statute, sec. 9390, R. C. M. 1935; Dubie v. Batani, 97 Mont. 468, 37 Pac. (2d) 662, and since the court made the order extending the time and since defendant relied upon it, we would obviously be doing an injustice to defendant to now deprive her of the benefit of that order in which she and her counsel placed reliance.

The order appealed from is affirmed.

Mr. Chief Justice Adair and Associate Justices Freebourn, Metcalf and Bottomly, concur.